# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:19CV-P43-TBR

**BRANDON MARQUE HARRIS**                                                      **PLAINTIFF**

v.

**LT. RIVES *et al.***                                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Brandon Marque Harris filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

### I. SUMMARY OF ALLEGATIONS

Plaintiff is a convicted inmate at the Christian County Jail (CCJ). He sues the following personnel of CCJ: Lt. Rives; Deputy Robertson; Deputy Hurt; Deputy Hendricks; and "Christian County Jail Staff." He sues each Defendant in his or her individual and official capacities.

Plaintiff states that on September 5, 2018, he was taken into the "lawbox." He reports that he complained to Defendant Hurt that he had been "in the lawbox for over an hour and I haven't ate." He states that Defendant Hurt told him to shut his mouth and that he would get Plaintiff a food tray. According to the complaint, after about a half hour, Plaintiff had not received a food tray and, as Defendant Hurt walked by, Plaintiff tried to get his attention. Plaintiff states that Defendant Hurt became agitated with him and told him to step away from the window. Plaintiff asserts that he stepped away from the window but was "still pleading my case

through the glass." He states that Defendant Hurt called for back up on his walkie talkie.

Plaintiff further states the following:

> I see Deputy Robertson come around the corner. He goes into the guard tower and come out with a tazer. They pop the door to the lawbox and I'm confronted by deputy Robertson. He aims his tazer at my face and order's me to lay on the ground. I drop to my knees with my hands in the air to show that I'm not posing a threat. I ask deputy Robertson why does he has his tazer aimed at me, b/c I can see the infra red beam going from my eye to my chest. I put my hands in front of my face from fear that deputy Robertson may fire his weapon and cause an injury to my left eye, and just as I suspected deputy Robertson fires his weapon. The sharp hook like prongs attach to my left forearm and hand. I fall against the wall, and I noticed that deputy Hendricks, Rives, Robertson, and Hurt are all inside the lawbox. Deputy Hendricks shoots me with his weapon. The prongs enter my left thigh area and buttocks. I fall to the ground unable to control movement in my legs. While on the ground deputy Rives presses his taser my lower back area. Unable to move all I feel is extreme pain in my legs and upper & lower torso. At this time I also feel someones hands rub past my eyelids then a extreme burning sensation. It's starting to become hard for me to breath. I yell out loud "I cant breath." Deputy Rives replies, If you can scream that means you can breath. Then Deputy Rives continues to tase me in my lower back area repeataly. I loose contiousness for a moment. I'm revived by the pain of deputy Hurt dropping his knee and full weight on the back of my neck. Deputy Hurt is over 300 lbs. I begin to pray b/c I really believe Im going to be killed by these deputies b/c of the physical numbness that I feel.

Plaintiff states that he was then handcuffed and the prongs from the tasers were "snatched out of me" and that he was "dragged down the hallway and strapped to a restraint chair for 6 hours with no medical attention." He maintains that after six hours he was moved to another cell and "was in extreme pain and had trouble walking" and "had to be helped by other inmates."

Plaintiff states that when he awoke the next morning he "noticed that the front of my underwear was covered with blood. I went to use the restroom and noticed that I was urinating blood." He asserts that he informed a non-Defendant deputy that blood was being discharged from his penis and nothing was done. He reports that he filled out a sick call slip on that date, September 6, 2018, and the following six days and "was not seen by medical until 9/19/2018."

Plaintiff states that he was seen by non-Defendant Col. Howard on September 6, 2018, who told him there was nothing wrong with him. When Plaintiff asked him how he knew that, Howard stated because he could look at him and tell.

Plaintiff further states that "Dep. Hendricks even went so far as to go on social media and post how bad they mistreated me and how they made me scream." He maintains that on September 10, 2018, his then-fiancée called and spoke with Defendant Rives "about my health and welfare." He continues, "She informed me that his reply was he's alright. But next time an incident occurs with Brandon we will kill him." He states, "While at the Christian County Jail I have been afraid for my life. Deputy Rives has pulled me to the side and asked me am I upset about the incident."

Plaintiff asserts that Defendant Rives "also makes a mockery out of my religion. Being that he knows Im a Muslim. On one occassion as I was coming back from a Christian service. He pulled me to the side and asked me, How does it feel bowing down to Alla but going in there and singing to Jesus. I replied by stating that I love them both."

Plaintiff further states that CCJ does not have a grievance committee. He asserts, "I was told that if I have any problems with a Dep. to write Col. Howard. In which I did." Plaintiff states that he was called to non-Defendant Howard's office and asked for a 42 U.S.C. § 1983 packet and that his "reply was you don't want to do that. Your not that type of person."

Plaintiff asserts that ever since the September 5, 2018, incident, "I have a neck pain that will not cease I've been put on [illegible] for the pain. I also have leg pain, and pain in my upper chest area. It feels like my heart is fluttering." He continues, "I've seen mental health doctor's.

B/c I live in fear everyday of being hurt again or killed by jail deputys. Exspecially since Deputy Rives is a Lt. and over the deputies on the 2nd shift."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

### A. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claims against all Defendants as brought against their employer, Christian County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second issue, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."

*Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any of the alleged actions taken by Defendants occurred as a result of a policy or custom implemented or endorsed by Christian County. The complaint alleges isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Plaintiff's official-capacity claims against Defendants must therefore be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claims

#### 1. Claim against CCJ "Staff"

In the complaint caption, Plaintiff lists "Christian County Jail Staff" as a Defendant. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Therefore, naming "Christian County Jail Staff" is not sufficient to put a specific Defendant on notice of the basis for any claim. Accordingly, Plaintiff's claim against "Christian County Jail Staff" will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Excessive force

Upon review of the complaint, the Court will allow Plaintiff's Eighth Amendment excessive-force claims to proceed against Defendants Rives, Robertson, Hurt, and Hendricks in their individual capacities.

### 3. Other allegations

Plaintiff also makes reference to his medical treatment after the alleged excessive-force incident. However, he does not name any medical personnel as a Defendant or state in the complaint that any named Defendant denied him medical treatment. Therefore, the Court does not construe the complaint as alleging a separate claim for inadequate medical treatment.

Plaintiff also claims that Defendant Rives "makes a mockery out of my religion. Being that he knows Im a Muslim." However, Plaintiff does not allege that he was denied his ability to exercise his religion or that he was disadvantaged in any way because of his religion. His allegations amount to verbal abuse or harassment. The Eighth Amendment proscribes punishments which involve the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). However, abusive or harassing language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 118217, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Accordingly, Plaintiff's claim based on

statements by Defendant Rives concerning his Muslim religion must be dismissed for failure to state a claim upon which relief may be granted.

Finally, Plaintiff states that CCJ does not have a grievance committee and describes how non-Defendant Howard handled his complaints about the alleged excessive-force incident. It is unclear whether Plaintiff is attempting to assert a separate claim concerning the grievance process. However, even if he were, such a claim would fail. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."). Therefore, any claim based on the handling of Plaintiff's grievances must be denied for failure to state a claim upon which relief may be granted.

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims against all Defendants, the claim against Defendant "Christian County Jail Staff," and any claims regarding Plaintiff's medical treatment, verbal abuse based on Plaintiff's Muslim religion, and the grievance process are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) because the claims fail to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate Defendant "Christian County Jail Staff"** as a party to this action.

The Court will enter a separate Order governing the claims which will proceed.

Date:  June 12, 2019

*Thomas B. Russell* (signature)

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants Rives, Robertson, Hurt, and Hendricks
　　Christian County Attorney
4413.010