UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-43-TBR

BRANDON MARQUE HARRIS,                                                    PLAINTIFF

v.

BRIAN RIVES, *et al.*,                                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Defendants Rives, Hendricks, Hurt, and Robertson's Motion for Summary Judgment. [DN 63]. Plaintiff Brandon Marque Harris responded, [DN 68], and Defendants replied, [DN 70]. This matter is ripe for adjudication. For the reasons stated herein, Defendants' Motion for Summary Judgment, [DN 63], is GRANTED. The Court will enter an Order and Judgment contemporaneous to this Memorandum Opinion.

**BACKGROUND**

On September 5, 2018, Plaintiff was an inmate at the Christian County Jail. [DN 1 at 5]. According to the Complaint, Plaintiff had been placed in a "lawbox" for over an hour when he informed Defendant Hurt that he had not eaten. *Id.* Hurt told Plaintiff to shut his mouth and he would get Plaintiff's food tray. *Id.* Another hour passed, and Plaintiff had not received his tray. *Id.* Plaintiff tried to get Hurt's attention, but Hurt became agitated and called for backup on his walkie talkie. *Id.* Plaintiff describes the events that followed:

> I see Deputy Robertson come around the corner. He goes into the guard tower and come out with a tazer. They pop the door to the lawbox and I'm confronted by deputy Robertson. He aims his tazer at my face and order's me to lay on the ground. I drop to my knees with my hands in the air to show that I'm not posing a threat. I ask deputy Robertson why does he has his tazer aimed at me, b/c I can see the infra red beam going from my eye to my chest. I put my hands in front of my face from fear that deputy Robertson may fire his weapon and cause an injury to my left eye, and just as I suspected deputy Robertson fires his weapon. The sharp hook like prongs attach to my left forearm

1

> and hand. I fall against the wall, and I noticed that deputy Hendricks, Rives, Robertson, and Hurt are all inside the lawbox. Deputy Hendricks shoots me with his weapon. The prongs enter my left thigh area and buttocks. I fall to the ground unable to control movement in my legs. While on the ground deputy Rives presses his taser my lower back area. Unable to move all I feel is extreme pain in my legs and upper & lower torso. At this time I also feel someones hands rub past my eyelids then a extreme burning sensation. It's starting to become hard for me to breath. I yell out loud "I cant breath." Deputy Rives replies, If you can scream that means you can breath. Then Deputy Rives continues to tase me in my lower back area repeataly. I loose contiousness for a moment. I'm revived by the pain of deputy Hurt dropping his knee and full weight on the back of my neck. Deputy Hurt is over 300 lbs. I begin to pray b/c I really believe Im going to be killed by these deputies b/c of the physical numbness that I feel.

*Id.* at 5–6. Plaintiff states that he was then handcuffed and the prongs from the tasers were "snatched out of me" and he was "dragged down the hallway and strapped to a restraint chair for 6 hours with no medical attention." *Id.* at 7. He maintains that after six hours he was moved to another cell and "was in extreme pain and had trouble walking" and "had to be helped by other inmates." *Id.*

Plaintiff states that when he awoke the next morning, he "noticed that the front of [his] underwear was covered with blood. [He] went to use the restroom and noticed that [he] was urinating blood." *Id.* He asserts that he informed a deputy and that he filled out a sick call slip on that date, September 6, 2018, and the following six days, but "was not seen by medical until 9/19/2018." *Id.* Since the incident, Plaintiff claims that he has suffered from neck pain, leg pain, and pain in the upper chest. *Id.* at 9.

On March 28, 2019, Plaintiff filed the current action against Defendants Rives, Hendricks, Hurt, and Robertson pursuant to 42 U.S.C. § 1983. [DN 1]. The Court conducted an initial review of Plaintiff's Complaint, dismissing some of his claims, but allowing his Eighth Amendment excessive force claims to proceed against Defendants in their individual capacities. [DN 10].

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52). The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

Additionally, the Court acknowledges that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complainants, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation

3

omitted), nor to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

## DISCUSSION

Defendants claim they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies regarding his Eighth Amendment claims. [DN 63]. The Prison Litigation Reform Act ("PLRA") bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. at 211, 127 S. Ct. 910 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones*, 549 U.S. at 218–19, 127 S. Ct. 910. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L.Ed.2d 368 (2006). Importantly, however, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 204, 127 S. Ct. 910). "Summary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (citing Fed. R. Civ. P. 56(a)).

Pursuant to the Christian County Jail Policy and Procedure, an inmate may file a grievance "at such time as the inmate believes he or she has been subject to abuse, harassment, abridgment of civil right, or denied privileges specified in the posted rules." [DN 64-5 at 521]. Grievances must be filed "in the form of a written statement by the inmate within 48 hours following the incident." *Id.* The statement is then transmitted to a Grievance Officer who reviews the grievance in order to determine if it constitutes a (1) prohibited act by a deputy jailer or staff member; (2) a violation of the inmate's civil rights; (3) a criminal act; or (4) an abridgement of inmate privilege as cited in the posted rules. *Id.* If the grievance constitutes a prohibited act, "the Grievance Officer shall conduct a prompt investigation." *Id.* Following the investigation, the Grievance Officer reports their findings and any actions taken to the inmate. *Id.* at 522. If the inmate is not satisfied, he or she may appeal the decision to the Jailer. *Id.*

In this case, Plaintiff claims he was subject to abuse, harassment, and abridgment of his civil rights. Therefore, he was required to file a grievance in accordance with the Christian County Jail Policy and Procedure. Defendants assert that it is undisputed that Plaintiff did not follow the jail's grievance procedure. [DN 64 at 369]. In response, Plaintiff claims that once he was informed of the jail's grievance procedure, he wrote Jailer Bradley Boyd two letters, but did not receive a response. [DN 68]. However, Plaintiff failed to provide any evidence that he complied, or even attempted to comply with the Christian County Jail's grievance procedure. There is no genuine dispute of material fact, then, that Plaintiff has not exhausted all administrative remedies as 42 U.S.C. § 1997e(a) requires. Therefore, the Court will dismiss Plaintiff's remaining claims without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006) ("It is well established ... that the appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice." (citing *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004); *Dellis v. Corr.*

*Corp. of Am.*, 257 F.3d 508, 510 (6th Cir. 2001); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998))).

## CONCLUSION

For the reasons set forth herein, Defendants' Motion for Summary Judgment, [DN 63], is **GRANTED**. All remaining pending motions are **DENIED AS MOOT**. The Court will enter an Order and Judgment contemporaneous to this Memorandum Opinion.

**Thomas B. Russell, Senior Judge**
**United States District Court**

April 21, 2020

CC: Attorneys of Record

Brandon Marque Harris
150205
EASTERN KENTUCKY CORRECTIONAL COMPLEX
200 Road to Justice
West Liberty, KY 41472
PRO SE