UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-43-TBR

BRANDON MARQUE HARRIS,                                                                    PLAINTIFF

v.

BRIAN RIVES, *et al.*,                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *pro se* Plaintiff Brandon Marque Harris's Motion to Alter Judgment. [DN 75]. Defendants Rives, Hendricks, Hurt, and Robertson responded, [DN 77], and Plaintiff replied, [DN 78]. This matter is ripe for adjudication. For the reasons set forth herein, Plaintiff's Motion to Alter Judgment, [DN 75], is DENIED.

## BACKGROUND

On March 28, 2019, Plaintiff filed the current action against Defendants Rives, Hendricks, Hurt, and Robertson pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Eighth Amendment. [DN 1]. After conducting discovery, Defendants moved for summary judgment. [DN 64]. On April 21, 2020, the Court granted Defendants' motion on the basis that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. [DN 73]. Specifically, the Court found that Plaintiff "was required to file a grievance in accordance with the Christian County Jail Policy and Procedure," but he "failed to provide any evidence that he complied, or even attempted to comply" with the jail's grievance procedure. *Id.* at 601. On May 11, 2020, Plaintiff filed the instant motion to alter the Court's prior judgment. [DN 75].

## LEGAL STANDARD

1

Federal Rule of Civil Procedure 59(e) allows the Court to alter or amend its prior judgment on timely motion. Fed. R. Civ. P. 59(e). Generally speaking, a Rule 59(e) motion must be based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)) (internal quotation marks omitted). "The purpose of Rule 59(e) is 'to allow the [Court] to correct its own errors,'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)), not to rehash old arguments, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), or to present new ones, *see Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

## DISCUSSION

In this case, Plaintiff seeks to alter the Court's prior judgment dismissing the action due to his failure to exhaust his administrative remedies. In support of his motion, Plaintiff argues that he did, in fact, exhaust his administrative remedies by writing two letters to Jailer Bradley Boyd which included a detailed description of the incident at issue. [DN 75 at 604–05]. Additionally, Plaintiff claims that he sent a third grievance letter to Deputy Jailer Donald Howard, which he attached to his motion. *Id.* at 605. The attached letter is titled "Col. Howard/Grievance" and is dated February 23, 2019. *Id.* at 607. It states:

> I am writting [sic] you this letter in concern of your dupties [sic]. As you already know that on Sept. 5th 2018 I was assualted, [sic] and Tased by deputies Lt. Rives, Dep. Hendricks, Dep. Hurt, and Sgt. Robertson. Lt. Rives even went so far as to tell my fiancée that he would kill me. I've written 2 grievances and sent them out since then. I haven't gotten a response to eaither [sic] one.

*Id.* at 607.

In response, Defendants note that the Christian County Jail has no record of Plaintiff's alleged grievance, and they emphasize that Plaintiff "never produced this grievance during discovery, in his Motion for Summary Judgment, in his response to the Defendants' Motion for Summary Judgment, or at any other point prior to the Final Judgment, despite the issue being raised and pertinent." [DN 77 at 663]. Furthermore, Defendants argue that "Plaintiff cannot now produce a document purporting to be a 'timely' filed grievance, without any reasonable justification for his failure to provide the grievance during the course of this litigation even if the grievance offered is authentic." *Id.* at 664. Finally, Defendants state that "Plaintiff offers no proof the grievance was in fact filed, filed timely, or filed in compliance with the grievance procedure." *Id.*

The Court has serious concerns regarding the authenticity of the alleged grievance. However, even assuming its authenticity, there is no need to alter the prior judgment. As discussed in the Memorandum Opinion, the Prison Litigation Reform Act ("PLRA") bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. at 211, 127 S. Ct. 910 (2007). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones*, 549 U.S. at 218–19, 127 S. Ct. 910.

Pursuant to the Christian County Jail Policy and Procedure, an inmate may file a grievance "at such time as the inmate believes he or she has been subject to abuse, harassment, abridgment

3

of civil right, or denied privileges specified in the posted rules." [DN 64-5 at 521]. Grievances must be filed "in the form of a written statement by the inmate within 48 hours following the incident." *Id.* In this case, Plaintiff has come forward with a grievance dated February 23, 2019. [DN 75 at 607]. The letter itself indicates Plaintiff was assaulted on September 5, 2018. *Id.* As such, the letter falls far outside the forty-eight-hour window in which grievances must be filed in order to be considered timely under the Christian County Jail Policy and Procedure. Therefore, the newly presented evidence does not demonstrate that Plaintiff properly exhausted his administrative remedies as required by the PLRA. Accordingly, there is no basis for the Court to alter its prior judgment.

## CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED**: Plaintiff's Motion to Alter Judgment, [DN 75], is **DENIED**.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

July 1, 2020

CC: Attorneys of Record

Brandon Marque Harris
150205
EASTERN KENTUCKY
CORRECTIONAL
COMPLEX
200 Road to Justice
West Liberty, KY 41472
PRO SE

4