UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-043-TBR

**BRANDON MARQUE HARRIS,**                                                          **PLAINTIFF**

v.

**LT. RIVES, et al.,**                                                                               **DEFENDANTS**

**MEMORANDUM OPINION & ORDER**

This matter is before the Court Plaintiff's Motion in Limine, [DN 97], and Defendants' Motion in Limine to Exclude Plaintiff's Expert Witness Testimony, [DN 110]. Defendants have responded to Plaintiff's motion, [DN 105], and Plaintiff has responded to Defendants' motion, [DN 124]. No replies have been filed; however, the Court conducted a telephonic status conference on December 7, 2021, at which time the parties clarified their positions on their respective motions. These motions are therefore ripe and ready for review. For the reasons set forth below, the Court will deny Plaintiff's Motion in Limine, [DN 97], and deny Defendants' Motion in Limine, [DN 110], subject to the conditions outlined herein.

    **I.**     **BACKGROUND**

Plaintiff, acting pro se, initiated this 42 U.S.C. § 1983 action on March 28, 2019. [DN 1]. After an initial review pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's Eighth Amendment excessive force claims to proceed against the above-named defendants in their individual capacities. [DN 10]. These claims arise from an incident on September 5, 2018, in

which Plaintiff, an inmate, was tased, pepper-sprayed, and physically restrained at the Christian County Jail. *See* [DN 1].

In the Court's Revised Scheduling Order, all pretrial discovery was due by January 13, 2020. [DN 44]. Upon completion of the discovery period, Defendants filed a Motion for Summary Judgment, [DN 63], which this Court granted on April 21, 2020, citing Plaintiff's failure to exhaust his administrative remedies. [DN 73]. Plaintiff appealed that ruling, and the Sixth Circuit ultimately vacated the summary judgment ruling and remanded the matter back to this Court for further proceedings. [DN 87]. Defendants thereafter filed a Renewed Motion for Summary Judgment, and Plaintiff filed his own Motion for Summary Judgment. [DN 91; DN 118]. The Court denied these motions on December 2, 2021. [DN 131].

A jury trial is currently scheduled for February 28, 2022. [DN 100]. In anticipation of trial, both parties have filed Motions in Limine. [DN 97; DN 110]. The Court addresses each motion in turn.

## II.     ANALYSIS

### A.  Plaintiff's Motion in Limine

In his Motion in Limine, Plaintiff argues that his criminal history, disciplinary history, and an incident report should be excluded. [DN 97]. With respect to his criminal history, he argues that he "does not wish to have his character scrtinized (sic)" and he is not proceeding to trial on criminal charges. *Id.* at 1–2. In essence, then, he argues that evidence of his criminal history is irrelevant and impermissible character evidence. He further argues that the incident report should be excluded because "a deputy can write what ever he or she wants about an inmate, without the incident being properly investigated." *Id.* at 1. Plaintiff does not identify any disciplinary records beyond the incident report, and during the December 7, 2021 telephonic

status conference, the parties agreed that the incident report is the only disciplinary record at issue. The Court therefore understands that Plaintiff seeks to exclude (1) his criminal history and (2) the incident report.

### 1. Plaintiff's Criminal History

During the December 7, 2021 telephonic status conference, defense counsel denied any intention of introducing Plaintiff's criminal history for purposes of demonstrating a specific character trait. Rather, Defendants argue that they are permitted to introduce evidence of Plaintiff's criminal history under Federal Rule of Evidence 609.

Rule 609 outlines the rules for "attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a). Under that rule, evidence of a party's criminal conviction "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." *Id.* 609(a)(1)(A). Additionally, "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." *Id.* 609(a)(2). Thus, Rule 609 allows for the admission of two types of convictions: felony convictions (regardless of the crime) and convictions for crimes (felony *or* misdemeanor) involving a dishonest act or false statement. However, Rule 609 places certain limitations on the admission of such evidence. For example, "if more than 10 years have passed since the witness's conviction or release from confinement for it," then evidence of the conviction is admissible only if its probative value substantially outweighs its prejudicial effect and the adverse party has been given reasonable written notice of the proponent's intention to admit that conviction. *Id.* 609(b). The Rule provides additional

limitations for convictions that have been annulled or pardoned and for juvenile adjudications. *Id.* 609(c)–(d).

Neither party identified Plaintiff's prior criminal convictions in their briefs. However, during the December 7, 2021 telephonic status conference, defense counsel identified three prior felony convictions and represented that each had occurred with the ten-year period outlined in Rule 609. Those convictions took place in Christian Circuit Court case numbers 13-CR-268, 12-CR-512, and 12-CR-148. Defense counsel further represented that Plaintiff has other felony convictions outside the ten-year period, but defense counsel did not express any intention of utilizing those convictions. With respect to the three more recent felony convictions listed above, defense counsel stated that he would ask Plaintiff at trial if he had ever been convicted of a felony, and if Plaintiff stated yes, that line of questioning would end. However, if Plaintiff answered no, defense counsel stated that he would provide certified copies of those convictions to impeach Plaintiff.

As the Court stated during the status conference, the three felony convictions occurring within the last ten years—namely, those in Christian Circuit Court case numbers 13-CR-268, 12-CR-512, and 12-CR-148—fall within the scope of Rule 609. Of course, the admission of any prior conviction under Rule 609 remains subject to Federal Rule of Evidence 403. *See* Fed. R. Evid. 609(a)(1)(A). Rule 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." In this case, the Court finds that the probative value of the prior convictions is not substantially outweighed by the danger of unfair prejudice, as defense counsel

has outlined a reasonable and limited procedure for inquiring into those prior convictions at trial. Accordingly, the Court will deny Plaintiff's Motion in Limine on this issue.

### 2. The Incident Report

Defendants next address Plaintiff's reference to his "disciplinary history." Defendants explain in their brief that "the only disciplinary history possessed by the Defendants is from the Christian County Jail." [DN 105, p 2]. Defense counsel confirmed this during the December 7, 2021 telephonic status conference, and further stated that he had no intention of introducing any disciplinary infractions or write-ups unrelated to the September 5, 2018 tasing incident. The parties agreed at the status conference that the incident report is the only disciplinary report at issue.

Plaintiff argues that the incident report should be excluded because "a deputy can write what ever he or she wants about an inmate, without the incident being properly investigated." *Id.* at 1. Defendants do not specifically address the incident report in their response. *See* [DN 105]. However, the incident report is listed in Defendants' Exhibit List, [DN 111-1], and defense counsel has indicated his intention to admit the incident report at trial.

The Court finds that the incident report is relevant under Federal Rule of Evidence 401. That rule provides that evidence is relevant if "it has any tendency to make a fact more or less probable that it would be without the evidence" and "the fact is of consequence in determining the action." Here, the incident report details the events that took place on the evening of September 5, 2018, and tends to explain why the deputies used force against the Plaintiff, and what level of force was used. It supports both parties' statements that Plaintiff was tased, pepper-sprayed, and restrained that evening. It also supports Defendants' position that such force was necessary to restore and maintain discipline.

Plaintiff takes issue with the incident report, suggesting that the deputies who wrote it could lie or misstate the facts, and the report itself does not indicate that a thorough investigation was completed. Without more, this reasoning alone is not sufficient to warrant the exclusion of otherwise admissible evidence. Plaintiff can attack the credibility of the deputies and the thoroughness of the investigation at trial. Accordingly, the Court will deny Plaintiff's Motion in Limine to the extent it seeks to exclude the incident report.

### 3. Exhaustion

In their four-page response to Plaintiff's Motion in Limine, Defendants spend approximately one-and-a-half pages arguing that the Plaintiff failed to exhaust his administrative remedies and further asserting that evidence of the jail's grievance policy and other testimonial evidence "is of consequence to the determination of this action." [DN 105, p. 3]. Defense counsel also mentioned the exhaustion issue during the December 7, 2021 telephonic status conference. However, the Court has already ruled on the exhaustion issue, [DN 131], finding that Defendants failed to satisfy their burden on that issue. Accordingly, the case has been permitted to proceed to trial, and no further argument (or evidence) on exhaustion is warranted.

### B. Defendants' Motion in Limine

Defendants seek an order precluding the use of Plaintiff's proposed expert witnesses, with the exception of a "Dr. Palmer." [DN 110, p. 1]. Defendants concede that Plaintiff identified "Dr. Palmer, mental health specilist (sic)" as an expert witness in a discovery response, but they argue that Plaintiff failed to disclose the identity of any other potential expert witnesses prior to the close of discovery on January 13, 2020. *Id.* As a result, they argue, the seven treating physicians and nurses listed in Plaintiff's Expert Witness List,[1] [DN 104], cannot be called as

---

[1] The Expert Witness List does not list a Dr. Palmer.

expert witnesses. [DN 110, p. 1]. In response, Plaintiff argues that he also listed in his discovery responses "Health Care Specilist (sic), contact info R.C.C." [DN 124, pp. 1–2]. He explains that he did so because he did not know the names of his health care providers. *Id.* at 2. He therefore asks that Defendants' motion be denied. *Id.*

Under Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705," the rules governing expert testimony. When those expert witnesses do not provide a written report, the expert disclosure must at least state the subject matter, facts, and opinions to which the expert witness is expected to testify. *See* Fed. R. Civ. P. 26(a)(2)(C).

If a party fails to make the required expert disclosures, Federal Rule of Civil Procedure 37(c)(1) allows for sanctions. That rule provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." That same rule also provides that, in addition to or instead of excluding the witness, the Court may impose other sanctions "on motion and after giving an opportunity to be heard." Fed. R. Civ. P. 37(c)(1). Those alternative sanctions include "order[ing] the payment of the reasonable expenses, including attorney's fees, caused by the failure"; informing the jury of the party's failure; and "impos[ing] other appropriate sanctions." *Id.*

In this case, Plaintiff admits that he failed to timely disclose the names of the seven medical providers listed in his Expert Witness List. [DN 124]. He has therefore failed to comply with the disclosure requirements of Rule 26. However, to determine if sanctions are appropriate under Rule 37, the Court must consider whether Plaintiff's failure was substantially justified or harmless.

7

The Sixth Circuit has provided guidance on this issue. It has explained that "[h]armlessness . . . is the key under Rule 37, not prejudice." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003). Harmlessness, in turn, "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Id.* (quoting *Vance v. United States*, 182 F.3d 920 (Table), 1999 WL 455435, *5 (6th Cir. June 25, 1999)). Ultimately, "[t]he party seeking to avoid sanction under Rule 37 bears the burden of showing that its delay and omission was either substantially justifiable or harmless." *Sierra v. Williamson*, 4:10–CV–00079–TBR, 2013 WL 3280269, *2 (W.D. Ky. June 27, 2013) (citing *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)).

In the present case, the Court finds that, although Plaintiff failed to timely disclose the seven medical providers as experts under Rule 26, he has made a sufficient showing that his failure was, "in effect, more or less harmless and with some justification." *Id.* at *3. For example, Plaintiff explains that he did not know the names of his health care providers. [DN 124, pp. 1–2]. In attempt to respond to Defendants' discovery requests, in which Defendants asked Plaintiff to identify his expert witnesses, Plaintiff named "Health Care specialist (sic), contact info R.C.C." *Id.*; *see also* [DN 110-1; DN 110-2]. In his discovery response, he also explained, "Plaintiff is reciving (sic) mental and physical treatment from the above named personel (sic) as a result from injuries sustained." [DN 110-2, p. 1]. At no point did defense counsel file a motion to compel a more detailed response, and Defendants do not allege that they made any effort to contact Roederer Correctional Complex (where Plaintiff was transferred) to identify Plaintiff's healthcare providers. Rather, Defendants waited until the pro se plaintiff filed his Expert Witness List before attacking his expert disclosures. However, the defect in Plaintiff's expert witness

disclosures was apparent on its face, and Defendants could have taken appropriate steps to resolve this issue prior to the close of discovery.

With these facts in mind, the Court finds that "an all-or-nothing outcome is not warranted here." *Sierra*, 2013 WL 3280269 at *3. The interests of justice are not served by excluding each of Plaintiff's seven expert witnesses, nor are those interests served by allowing those experts to testify without first being subject to deposition by Defendants. The Court will therefore deny Defendants' Motion in Limine, [DN 110], to the extent Defendants seek to exclude the testimony of all seven experts.

However, during the December 7, 2021 telephonic status conference, the Court asked Plaintiff to narrow his list of experts. In response, Plaintiff stated that he intended to call the following experts: William Grenier, APRN; Dr. Kellie Byrd; Dr. Henderson; Nurse Lane; and Nurse Practitioner Betty Noble. The Court will allow Plaintiff to call these five experts from his Expert Witness List. The Court will also allow defense counsel an adequate opportunity to depose these experts. As discussed during the status conference, defense counsel intends to complete these depositions in January, and no later than early February, if necessary. Defense counsel also stated that he would coordinate with Plaintiff's case manager to ensure Plaintiff's participation in the depositions. To accommodate these depositions, the Court has entered an amended scheduling order vacating the trial date of January 18, 2022 and setting this matter for trial on February 28, 2022. [DN 132].

### III.   CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion in Limine, [**DN 97**], is **DENIED**, and Defendants' Motion in Limine, [**DN 110**], is **DENIED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 14, 2021

cc: Counsel of Record
    Plaintiff, pro se

10