UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-043-TBR

**BRANDON MARQUE HARRIS,**                                                      **PLAINTIFF**

v.

**LT. RIVES, et al.,**                                                                      **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Plaintiff's "Motion to Exclude Witnesses of Defendants," [DN 134], which the Court construes as a motion in limine. Defendants have responded in opposition, [DN 135], and Plaintiff filed a reply, [DN 136]. The matter is therefore ripe for review. For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's motion.

### I.     BACKGROUND

Plaintiff, acting pro se, initiated this 42 U.S.C. § 1983 action on March 28, 2019. [DN 1]. After an initial review pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's Eighth Amendment excessive force claims to proceed against the above-named defendants in their individual capacities. [DN 10]. These claims arise from an incident on September 5, 2018, in which Plaintiff, an inmate, was tased, pepper-sprayed, and physically restrained at the Christian County Jail. *See* [DN 1].

Upon completion of discovery, Defendants filed a Motion for Summary Judgment, [DN 63], which this Court granted on April 21, 2020, citing Plaintiff's failure to exhaust his

1

administrative remedies. [DN 73]. Plaintiff appealed that ruling, and the Sixth Circuit ultimately vacated the summary judgment ruling and remanded the matter back to this Court for further proceedings. [DN 87]. Defendants thereafter filed a Renewed Motion for Summary Judgment, and Plaintiff filed his own Motion for Summary Judgment. [DN 91; DN 118]. The Court denied these motions on December 2, 2021. [DN 131].

A jury trial is currently scheduled for February 28, 2022. [DN 100]. In anticipation of trial, Plaintiff has filed a Motion to Exclude Witnesses of Defendants, [DN 134],[1] which the Court construes as a motion in limine. In his motion, Plaintiff asks the Court to exclude testimony from eight of Defendant's twelve witnesses: Jailer Brad Boyd, Chief Deputy Jailer Steve Howard, Davy Burd, Matthew Fuller, Ed Campbell, Bryan Smith, Anthony Lara, and Lindsay Palm. *Id.* Plaintiff asks that their testimony be excluded because these individuals were not present during the September 5, 2018 incident giving rise to this action, and they therefore lack personal knowledge of the incident. *Id.* He argues that their testimony would be based on "hearsay and dishonesty" and expresses concerns that their testimony would be fabricated. *Id.* Defendants have filed a response, arguing that the testimony of these individual is relevant and admissible under Federal Rules of Evidence 401 and 402. [DN 135]. Plaintiff filed a reply, [DN 136]. The matter is therefore fully briefed and ripe for review.

**II.     ANALYSIS**

With respect to each of the eight named witnesses, the parties raise issues of reliability and relevance. Under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable that it would be without the evidence" and "the fact is of

---

[1] Plaintiff previously filed a similar "objection," [DN 98], to the Defendants' first witness list, [DN 92]. Defendants responded to that objection, [DN 108], and later provided a new witness and exhibit list, [DN 111]. Plaintiff then filed the present motion, [DN 134].

consequence in determining the action." Rule 402 provides that such relevant evidence is admissible unless otherwise prohibited under the rules or the law. There are various rules of evidence that restrict the use of relevant evidence. Under Rule 602, for example, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." It further explains that "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. Other rules of evidence limit the use of hearsay statements, or out-of-court statements offered for the proof of the matter asserted. *See, e.g.*, Fed. R. Evid. 801, 802, 803, 804.

In the present case, Plaintiff challenges the relevance of the named witnesses' testimony, but also attacks their reliability, arguing that the witnesses lack personal knowledge of the September 5, 2018 incident and expressing concerns that their testimony would be based on "hearsay and dishonesty" due to the witnesses' self-interest. [DN 134; DN 136]. In response, the defendants argue that each of the named defendants will provide relevant testimony. [DN 135]. Having considered these arguments, the Court addresses each of the challenged witnesses in turn.

**A. Boyd and Howard**

In their witness list, Defendants state that Jailer Boyd and Chief Deputy Jailor Howard will testify about the "[a]ppropriate use of force to restore order in Jail" and "Plaintiff's allegations, grievance procedure, and the Plaintiff's failure to exhaust grievance process." [DN 111]. Defendants argue that these are relevant topics, focusing primarily on the issue of exhaustion. [DN 134]. However, that issue has already been ruled on in this Court's Memorandum Opinion and Order denying the parties' summary judgment motions. [DN 131]. In that opinion, the Court noted the Sixth Circuit's holding that Defendants had failed to satisfy

3

their burden on the exhaustion issue. *Id.* The Court further noted that Defendants had not produced any additional evidence to satisfy that burden. *Id.* The Court therefore denied summary judgment with respect to the exhaustion argument. *Id.* The Court addressed the issue again in a subsequent order denying the parties' motions in limine. [DN 133]. In that order, the Court noted that Defendants continued to argue exhaustion, but it explained, "The Court has already ruled on the exhaustion issue, [DN 131], finding that Defendants failed to satisfy their burden on that issue. Accordingly, the case has been permitted to proceed to trial, and no further argument (or evidence) on exhaustion is warranted." *Id.* at 6. Nevertheless, Defendants continue to raise the exhaustion argument.

To be clear, the Court has found that the defendants failed to satisfy their burden of demonstrating that the grievance procedure was an available administrative remedy, and as a result, Plaintiff was not required to exhaust that administrative remedy. [DN 131; DN 133]. The exhaustion issue is resolved, and the Court will not hear further argument on that issue. Any testimony about Plaintiff's failure to exhaust his administrative remedies is therefore irrelevant. However, the appropriate use of force is relevant to Plaintiff's excessive force claims. Accordingly, Jailer Boyd and Chief Deputy Jailor Howard may testify about that topic, assuming that Defendants establish at trial the requite personal knowledge under Rule 602.

Plaintiff's concerns about "hearsay and dishonesty" can be addressed at trial, if necessary. Plaintiff has not identified any specific hearsay statements that he wishes to exclude; however, if hearsay statements are improperly introduced at trial by Jailer Boyd and Chief Deputy Jailor Howard, Plaintiff may object, and the Court will rule on the objection at that time. Further, Plaintiff may respond to any allegedly dishonest or biased testimony and challenge the credibility of each witness during cross-examination.

### B. Burd

According to Defendants' witness list, Burd, a supervisor at the Christian County Jail, will testify regarding "Plaintiff's conduct" and the "appropriate use of force to restore order in Jail." [DN 111]. In their response brief, Defendants state only that Burd's "review of this matter and his explanation of the use of force are relevant and admissible evidence." [DN 134]. At this time, the Court finds that such testimony may be relevant. However, at trial, Defendants must demonstrate that Burd possesses personal knowledge about that which he testifies, and his testimony must be otherwise admissible under the Federal Rules of Evidence. If Plaintiff believes Burd's testimony runs afoul of these rules, he may object at trial.

### C. Fuller

Defendants state in their witness list that Fuller, an employee at the Christian County Jail, is expected to testify about "Plaintiff's conduct" and the "appropriate use of force to restore order in Jail." [DN 111]. In their response brief, they further explain that Fuller investigated a prior incident at the jail in which Plaintiff was injured during an altercation with other inmates. [DN 135]. Defendants represent that the injuries Plaintiff suffered during that altercation were similar to those injuries suffered during the September 5, 2018 incident giving rise to this case. *Id.* Plaintiff argues that Fuller was not present during the September 5, 2018 incident; he never received medical treatment from Fuller; and Fuller's testimony "is an attempt to help his friends who are Defendants in this action." [DN 136].

The origin of Plaintiff's injuries is a relevant issue in this excessive force case. The Court therefore finds that Fuller's proposed testimony—i.e., testimony regarding the nature of the injuries sustained during the prior altercation—is relevant. Based on Defendants' representations, it also seems that Fuller possesses personal knowledge of the prior altercation

and Defendant's injuries, though Defendants will have an opportunity to establish such personal knowledge at trial. *See* Fed. R. Evid. 602. Further, the Court notes that any issues regarding hearsay or dishonest testimony can be addressed at trial, as explained in more detail above. Similarly, Plaintiff can raise the issue of bias when cross-examining Fuller.

However, Defendants may not introduce through Fuller (or any other witness) any improper character evidence in contravention of Federal Rule of Evidence 404. That rule provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). It further provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character, though such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1), (2). Defendants are therefore cautioned that, under Rule 404, Fuller may not testify that Plaintiff instigated the fight with the other inmates or was aggressive on that occasion in an attempt to show that Plaintiff also instigated or was aggressive during the altercation giving rise to this case.

### D.  Campbell, Smith, and Lara

According to Defendant's witness list, these three individuals will testify regarding "Plaintiff's conduct" and the "appropriate use of force to restore order in Jail." [DN 111]. Defendants do not expand on this proposed testimony in much detail, other than to say that these individuals are listed as witnesses on the incident report and "[t]heir personal observations of the incident which is the subject of the Plaintiff's Complaint will be the subject of their testimony." [DN 135]. Defendants further note that "each of these witnesses had an opportunity to observe

the Plaintiff at various times, which is more than relevant to his claims," but Defendant do not explain further. *Id.* At this time, the Court finds that the testimony of these witnesses—each of whom is listed on the incident report—may be relevant. At trial, Defendants are expected to establish each witnesses' personal knowledge of the events to which that witness testifies. *See* Fed. R. Evid. 602. If Defendants fail to do so, Plaintiff may object at trial. Additionally, as noted above, any issues regarding hearsay or dishonest testimony can be addressed at trial.

### E. Nurse Palm

Nurse Lindsay Palm is expected to testify about "Plaintiff's injury or lack thereof based on examination and the Plaintiff's refusal of treatment." [DN 111]. According to Defendants, Nurse Palm treated Plaintiff following the September 5, 2018 incident and therefore had an opportunity to observe his injuries immediately following the incident. [DN 134]. The Court finds that this is relevant to prove the severity of Plaintiff's injuries. As noted above, any issues regarding hearsay or dishonest testimony can be addressed at trial.

### F. The Incident Report

In his reply brief, Plaintiff argues that the incident report relating to the September 5, 2018 incident is unreliable and should be excluded. [DN 136]. Plaintiff previously filed a motion in limine making a similar argument, [DN 97]. In that motion, Plaintiff suggested that the deputies who wrote the incident report could lie or misstate the facts. *Id.* The Court denied that motion, explaining that, "[w]ithout more, this reasoning alone is not sufficient to warrant the exclusion of otherwise admissible evidence." [DN 133, p. 6]. Notably, Plaintiff did not challenge the admission of the report under the hearsay rules; however, he now argues that the incident report should be excluded because it constitutes inadmissible hearsay. [DN 136].

Because Plaintiff raised this issue for the first time in his reply brief, the Court allowed Defendants to file a response to the hearsay argument. [DN 139; DN 140]. In their response, Defendants assure the Court that "it is their intent not to admit the report as an exhibit but to establish the facts consistent therewith by direct witness testimony." [DN 141, p. 1]. However, they argue, the incident report may become admissible as non-hearsay or under a hearsay exception, depending on what happens at trial. *Id.* For example, Defendants note that the report could be used to refresh a witness's recollection so long as the requirements of Federal Rule of Evidence 803(5) are satisfied.

Defendants also argue that the report could be introduced as non-hearsay "to counter Plaintiff's claims the Defendants' description of the occurrence are fabrications." *Id.* at 2. For support, Defendants cite to Federal Rule of Evidence 801(d), which lists several statements that are *not* considered to be hearsay. More specifically, Defendants rely on Rule 801(d)(1)(B)(i). Under that provision, a statement is not considered hearsay when "[t]he declarant testifies and is subject to cross-examination about a prior statement" and that prior statement "is consistent with the declarant's testimony and is offered[] to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying." Fed. R. Evid. 801(d)(1)(B)(i).

However, a witness's prior consistent statements must satisfy the rule's temporal requirement. As the Sixth Circuit has explained, "[i]n order to secure admissibility under Rule 801(d)(1)(B), the declarant must have made the prior consistent statements before the motive to fabricate or improper influence or motive arose." *United States v. Toney*, 161 F.3d 404, 408 (6th Cir. 1998) (citation omitted); *see also Tome v. United States,* 513 U.S. 150, 156 (1995). State another way, if a prior consistent statement was made *after* an improper motive arose, it falls

8

outside the scope of Rule 801(d)(1)(B). The Court questions whether the incident report could satisfy this temporal requirement.

However, Rule 801(d) "applies to statements offered for their truth." *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 730 (6th Cir. 1994). If a statement is offered for its truth under Rule 801(d), but does not satisfy the temporal requirements of that rule, the statements are considered hearsay. *Id.* On the other hand, if the statements are offered to rehabilitate the declarant-witness's credibility, they are "not subject to the strictures of Rule 801(d)(1)(B)." *Id.* (quoting *United States v. Harris*, 761 F.2d 394, 399–400 (7th Cir. 1985)). "Thus, the court's discretion to admit prior out-of-court statements for rehabilitative purposes is not limited by Rule 801 and, therefore, provided they are relevant (Fed. R. Evid. 402), the court may admit the statements for that purpose." *Id.* This does not necessarily mean that prior statements contained within a document may be submitted as an exhibit to the jury. *Id.* at n.2. Instead, the district court can "consider admitting the statements in the document through testimony or by having the document read to the jury. If the court determines that admitting the document as an exhibit is necessary, the court should instruct the jury as to the limited purpose of the exhibit." *Id.*; *see also United States v. Smith*, 419 F.3d 521, 528 (6th Cir. 2005) (citing *Engebretsen*, 21 F.3d at 730 n.2). Notably, "[t]he trial court has greater discretion to admit prior consistent statements to rehabilitate an impeached witness, by clarifying or explaining his prior statements alleged to be unreliable, than if the statements are offered for their truth under Rule 801(d)(1)(B)." *Engebretsen*, 21 F.3d at 730.

In this case, Defendants have represented to the Court that they do *not* intend to introduce the incident report as an exhibit and do not foresee introducing it for the truth of the matter asserted. Rather, they argue that it may be utilized to refresh a witness's recollection under Rule

9

803(5) or to rehabilitate a witness's testimony if he or she is impeached during cross-examination. Of course, Defendants' use of the incident report under either of these rules is dependent on the questioning of witnesses at trial. Accordingly, at this time, the Court will withhold ruling on the admissibility of the incident report until such time as it is offered by the parties as an exhibit, to refresh a witness's recollection, or as rehabilitative evidence. Prior to the introduction of the incident report, the party seeking to use the incident report shall notify the Court of the intention to do so, at which time the Court will make its ruling. The parties are cautioned not to refer to the incident report or its contents until the Court has ruled on its admissibility at trial.

### III.   CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's "Motion to Exclude Witnesses of Defendants," [**DN 134**], which the Court construes as a motion in limine, is **GRANTED IN PART** and **DENIED IN PART**. Said motion is **GRANTED** to the extent Plaintiff seeks to exclude any testimony related to Defendants' exhaustion arguments and is **DENIED** to the extent he seems to exclude additional testimony from any of Defendants' witnesses.

**Thomas B. Russell, Senior Judge
United States District Court**

January 26, 2022

cc: Counsel of Record
    Plaintiff, pro se

10