UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-043-TBR

BRANDON MARQUE HARRIS

v.

LT. RIVES, DEPUTY HENDRICKS, DEPUTY HURT, and
SGT. ROBINSON

# JURY INSTRUCTIONS

FILED
JAMES J. VILT, JR. - CLERK
MAR 03 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

1

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror: The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and to apply it to the facts. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The plaintiff and defense counsel may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

You are to consider only the evidence in the case. Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to. Statements and arguments by lawyers are not evidence. Statements and arguments by Plaintiff, other than when he was testifying under oath, are not evidence. The lawyers are not witnesses. What the lawyers and Plaintiff have said in their opening statements, closing arguments, and at other times (when not testifying under oath) is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

You are required to evaluate the testimony of a corrections officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a corrections officer.

You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you have taken notes during the trial. You may use any notes taken by you during trial. However, the notes should not be substituted for your memory. Remember, notes

are not evidence. If your memory should differ from your notes, then you should rely on your memory and not your notes. You should not be influenced by another juror's notes.

When you go to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your discussions and will speak for you here in Court. You will take these instructions to the jury room. When you have reached a unanimous agreement, your foreperson will complete, date, and sign your answers. Nothing I have said or done is intended to suggest what your verdict should be. That is entirely for you to decide.

Once you start deliberating, do not talk to the marshal or to anyone else, except each other, about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the marshal. The marshal will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time for me to get back to you.

One more thing about messages: Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all ten (10) members of the jury must agree on any answer to the question and on the verdict. It is your duty as jurors to discuss this case and to try to reach an agreement. You must each decide the case for yourself, but only after you have considered all of the evidence, discussed it fully with your fellow jurors, and listened to the views of the other jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not make a decision simply because other jurors think that it is right, or simply to reach a verdict. Your sole interest is to seek the truth from the evidence.

# INSTRUCTION NO. 1

## Objections

During the trial, each side has objected to evidence and testimony they believed was not properly admissible. I have ruled on the objections and have either admitted or excluded evidence and testimony based on the Federal Rules of Evidence, which are designed to ensure that the evidence and testimony presented to you is worthy of your consideration. If I sustained an objection to a question directed to a witness, or to an answer to a question, you must disregard the question or answer entirely. You may draw no inferences from the wording of the question, and you must not speculate as to what the answer might have been or consider what the witness said.

## INSTRUCTION NO. 2

### Expert Witnesses

During this trial, you have heard the opinion testimony of William Grenier, Betty Noble, Kayla Henderson, and Kellie Byrd. The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses who by education and experience have become experts in some art, science, profession, or calling may state their opinions as to relevant and material matters in which they profess to be an expert and may also state their reasons for the opinion. You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by the other evidence, you may disregard the opinion entirely.

## INSTRUCTION NO. 3

### Multiple Defendants

Ladies and Gentlemen of the jury, before I instruct you as to the law in this case, I want to point out something about having multiple defendants in one case. As you have heard and seen during this trial, there are four defendants in this case.

It is crucial that you, the jury, give separate consideration to each defendant in this case. Although there are four defendants, it does not follow that if one is liable, then another is liable, or that all are liable. Conversely, it does not follow that if one is not liable, then another is not liable, and so on.

## INSTRUCTION NO. 4

### Limiting Instruction

You have heard testimony that Plaintiff Brandon Marque Harris was involved in an altercation with other inmates prior to the September 5, 2018 incident at issue in this case. You have also heard testimony related to Plaintiff's prior drug and alcohol use.

You may consider this evidence only as it relates to the defendants' claim that the defendants' conduct was not the cause of Plaintiff's injuries and anxiety. You must not consider it for any other purpose.

# INSTRUCTION NO. 5

## Burden of Proof and "Preponderance of the Evidence"

The Plaintiff, Brandon Marque Harris, has the burden of proving each and every element of his claims by a preponderance of the evidence. If you find that Plaintiff has not proven any one of elements by a preponderance of the evidence, you must return a verdict on that particular claim for the defendants.

The term "preponderance of the evidence" is used many times in these instructions and deserves some explanation before addressing the claims involved in the case. To prove something by a "preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. It does not, of course, require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been established by a preponderance of the evidence in the case, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases, such as this one. Therefore, you should disregard it.

## INSTRUCTION NO. 6

### 42 U.S.C. § 1983 Claim – Excessive Use of Force in Violation of the Eighth Amendment of the United States Constitution

Plaintiff Brandon Marque Harris is suing the defendants, Bryan Rives, J.L. Hendricks, Jr., John Hurt, and Levi Robinson, under United States Code 42 Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been intentionally deprived of their federal constitutional rights under color of state law.

Specifically, Plaintiff Brandon Marque Harris claims that Bryan Rives, J.L. Hendricks, Jr., John Hurt, and Levi Robinson, while working as correctional officers, intentionally violated Plaintiff's Eighth Amendment right as a prisoner to be free from cruel and unusual punishment.

The United States Constitution guarantees that every person who is convicted of a criminal offense has the right not to be subjected to cruel and unusual punishment while incarcerated. This includes the right not be subjected to the excessive use of force.

A person, including one that is incarcerated, may sue in this court for an award of money damages against anyone who, under the color of state law, intentionally violates the person's rights under the United States Constitution.

To succeed on his claim, Plaintiff Brandon Marque Harris must prove each of the following facts by a preponderance of the evidence:

(1) That the defendants intentionally used force against Plaintiff;

(2) That the force used against Plaintiff by the defendants was excessive;

(3) That the defendants acted under color of law; and

(4) That the defendants conduct caused Plaintiff's injuries.

I will now explain some of these elements in more detail.

10

## Excessiveness

The second element described above requires Plaintiff to prove by a preponderance of the evidence that any force used in this case was excessive. Whether a use of force against a prison inmate is excessive depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm. In order to prove the force used against him was excessive, Plaintiff must prove by preponderance of the evidence that the defendants used force against him maliciously and sadistically for the very purpose of causing him harm.

If Plaintiff fails to prove that one of the defendants acted maliciously and sadistically for the very purpose of causing him harm, you must find for that particular defendant. Whether a defendant acted maliciously and sadistically is to be evaluated by a subjective analysis of the defendant and his state of mind at the time. To act "maliciously" under this Instruction means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent. In deciding whether a defendant acted maliciously, I remind you that you must give prison officials wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the prison.

Some of the things you may want to consider in determining whether the prison officials unnecessarily and wantonly inflicted pain on Plaintiff include: (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used. (4) the threat reasonably perceived by the responsible officials, (5) any efforts made to temper the severity of a forceful response.

11

## Under Color of State Law

The third element described above requires that Plaintiff show by a preponderance of the evidence that the defendants acted under the color of state law. "Under the color of state law" means under the pretense of law. A prison official's or corrections officer's acts while performing his or her official duties are done "under color" of state law whether those acts are in line with his or her authority or overstep such authority. That individual acts "under color of state law" even if he misuses the power he possesses by virtue of a state law or because he is clothed with the authority of state law. The individual's acts that are done in pursuit of purely personal objectives without using or misusing his or her authority granted by the state are not acts done "under color of state law."

## Causation

The fourth element described above requires Plaintiff to show by a preponderance of the evidence that the defendants' conduct caused Plaintiff's injuries. A defendant "causes" a plaintiff's injuries if the plaintiff would not have been injured without the defendant's conduct, and the injuries were a reasonably foreseeable consequence of the defendant's conduct.

## INSTRUCTION NO. 7

### Compensatory and Nominal Damages

If you find for Plaintiff against one or more of the defendants on any of the claims asserted by Plaintiff, then you will next determine from the evidence and award Plaintiff such sum of money as will fairly and reasonably compensate him for his mental and physical pain and suffering, if any, as you believe from the evidence he has sustained as a direct result of the deprivation of his constitutional rights by one or more of the defendants.

If you find more than one defendant liable to Plaintiff, you must consider these sums separately, and only as they relate to the claims Plaintiff has against each defendant.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.

If you find in favor of Plaintiff against one or more of the defendants, but you find Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of one dollar.

# INSTRUCTION NO. 8

## Punitive Damages

If you find for the Plaintiff against one or more of the defendants, and you awarded compensatory damages or nominal damages under these Instructions, then you may, in your discretion, award punitive damages. However, you may only award punitive damages if you believe that that a defendant's conduct involved a reckless indifference or disregard for Plaintiff's constitutional rights, life, or safety.

Punitive damages are awarded against a defendant for the purpose of punishing the defendant for misconduct and deterring him and others from engaging in similar conduct in the future. If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, bias, or prejudice with respect to any party to the case. If you decide to award punitive damages, you shall consider the following factors:

(1) The harm to Plaintiff as measured by the damages you have awarded under these Instructions caused by a defendant's failure to comply with his duties; and

(2) The degree, if any, to which you have found from the evidence that that defendant's failure to comply with his duties was reprehensible, considering the following:

    (a) the degree to which the defendant's conduct evinced an indifference to or reckless disregard for the health and safety of others;

    (b) the degree to which the harm suffered by the Plaintiff was a result of intentional conduct, or mere accident;

    (c) the likelihood, at the time of the defendant's conduct, that serious harm would

14

arise from it;

(d) the degree of the defendant's awareness of that likelihood;

(e) the profitability of the misconduct to the defendant;

(f) the duration of the misconduct and any concealment of it by the defendant;

(g) any actions by the defendant to remedy the misconduct once it became known to the defendant.

Remember: the fact that I have instructed you on punitive damages should not be taken by you as indicating one way or the other whether Plaintiff is entitled to recover such damages. This is entirely for you to decide. Remember, you must consider the plaintiff's claims against each defendant and any award of damages against each defendant separately.

## INSTRUCTION NO. 9

### Deliberations and Unanimous Verdict

Some of this instruction has already been covered by the introduction above. However, your duties as a jury are important, and it is important that you understand those duties and the deliberation process. Therefore, certain instructions concerning the deliberation process are worth repeating.

When you go back to the jury room, you will discuss the case with your fellow jurors to reach an agreement if you are able to do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that have favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict one way or the other.

Do not talk to the Marshal or to me or to anyone else, except for each other, about this case or where each individual juror stands at any given time. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. For example, do not write down or tell anyone that you are split on your verdict 5-5 or 6-4 one way or another. That should stay secret until you have finished your deliberations.

## INSTRUCTION NO. 10

### Verdict Forms

I have prepared Verdict Forms for your use in recording your verdict. After you have reached a unanimous agreement on a verdict for each of Plaintiff Brandon Marque Harris's claims, if you are able to do so, your foreperson will fill in the forms that have been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict forms as directed.