UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-043-TBR

**BRANDON MARQUE HARRIS,**                                                                 **PLAINTIFF**

v.

**LT. RIVES, et al.,**                                                                              **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Plaintiff Brandon Marque Harris's Motion to Alter or Amend Judgment, [DN 161]. Defendants have filed a response, [DN 162], and Plaintiff has replied, [DN 163]. This matter is therefore fully briefed and ripe for review. For the reasons set forth below, the Court will deny Plaintiff's motion.

**I.      BACKGROUND**

Plaintiff, acting pro se, initiated this 42 U.S.C. § 1983 action on March 28, 2019 against Defendants Bryan Rives, J.L. Hendricks, Jr., John Hurt, Levi Robinson, and "Christian County Jail Staff," seeking both compensatory and punitive damages. [DN 1]. Pursuant to 28 U.S.C. § 1915A, the Court conducted an initial review of Plaintiff's Complaint, and dismissed Plaintiff's official-capacity claims and claims against unnamed "Christian County Jail Staff." [DN 10]. However, the Court allowed Plaintiff's Eighth Amendment excessive force claims to proceed against the remaining defendants in their individual capacities. *Id.*

The matter ultimately proceeded to trial on March 1 through March 3, 2022. On the Verdict Forms, the jurors were asked to consider the following questions for each defendant. *See*

1

[DN 159]. First, did the jury find by a preponderance of the evidence that the plaintiff had established that the defendant used excessive force against the plaintiff in violation of the Eighth Amendment to the United States Constitution? *Id.* If the jurors responded "yes" to this first question, they were then asked, "Do you find from a preponderance of the evidence that the plaintiff, Brandon Marque Harris, sustained damages and that such damages were a direct and proximate result of the actions of" the defendant? *Id.* If they answered "yes" to this second question, they were then asked to determine the amount of compensatory (or nominal) damages due to Plaintiff. *Id.* Finally, the fourth question on the Verdict Forms asked the jury to determine what amount, if any, of punitive damages was due to Plaintiff. *Id.*

The jurors returned their verdict on March 3, 2022. *Id.* With respect to Defendants Hendricks, Hurt, and Robinson, the jury found that Plaintiff had *not* demonstrated by a preponderance of the evidence that any of the three defendants used excessive force against Plaintiff in violation of the Eighth Amendment. *Id.* Accordingly, they were not required to respond to any of the other questions on those Verdict Forms (Nos. 2, 3, and 4). The Court's Judgment, entered March 4, 2022, reflects this verdict: "The jury found that Defendants J.L. Hendricks, Jr., John Hurt, and Levi Robertson did not use excessive force against the plaintiff, Brandon Marque Harris. Accordingly, Judgment is entered in favor of Defendants J.L. Hendricks, Jr., John Hurt, and Levi Robertson." [DN 160].

However, with respect to Defendant Rives (Verdict Form No. 1), the jury responded "yes" to the first question. [DN 159]. In other words, they found that Defendant Rives *had* used excessive force against Plaintiff in violation of the Eighth Amendment. They were therefore required to answer the second question: "Do you find from a preponderance of the evidence that the plaintiff, Brandon Marque Harris, sustained damages and that such damages were a direct

2

and proximate result of the actions of Defendant Bryan Rives?" *Id.* The jury responded "no" to this question. *Id.* Thus, in its Judgment, the Court stated, "The jury found that Defendant Bryan Rives used excessive force against the plaintiff, Brandon Marque Harris, in violation of the Eighth Amendment to the United States Constitution, but found that Plaintiff did not sustain damages that were a direct and proximate result of the actions of Defendant Rives." [DN 160]. The Court therefore entered judgment in favor of Defendant Bryan Rives. *Id.*

Plaintiff now asks this Court to alter or amend its judgment because "as a Matter of law He is intitled (sic) to compensatory damages," and "the Jury's verdict was against the weight of medical evidence, and a contradiction to Jury Instruction NO. 6." [DN 161, p. 2]. In his reply brief, Plaintiff clarifies that "the main topic of Plaintiff's arguement (sic) is that the jury did not adhere to the Honorable Court's Jury instructions." [DN 163, pp. 1–2]. He asks for a new trial on the damages issue only. *Id.* at 4.

## II.   LEGAL STANDARD

While neither party cites to the Federal Rules of Civil Procedure, the Court understands that Plaintiff has asked the Court to alter or amend its judgment pursuant to Rule 59(e). That rule provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Such motions "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gibbons v. Bair Foundation*, No. 5:04CV2018, 2006 WL 2045899, *1 (N.D. Ohio July 20, 2006). Ultimately, the district court has "considerable discretion in deciding whether to reopen a case under motions to modify or amend judgment." *Id.* (quoting *Edward H. Bolin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

As previously noted, Plaintiff also requests a new trial on the issue of damages. Rule 59 also allows a party to file a motion for a new trial. In the case of a jury trial, the motion may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). For example, a party may move for a new trial on the contention that the verdict was against the great weight of the evidence. *See* Fed. R. Evid. 59(a); *Walker v. RDR Real Estate, LLC*, No. 2:11-cv-10251, 2017 WL 5653880, *2 (E.D. Mich. Mar. 31, 2017) (citing *Southern Ry. Co. v. Miller*, 285 F.2d 202, 206 (6th Cir. 1960)). Other reasons for granting a new trial include "the damages are excessive; for other reasons the trial was not fair; there were substantial errors in the admission or rejection of evidence; the giving or refusal of instructions were in error; and misconduct of counsel." *Id.* (citations omitted). Further, "[t]he trial court has broad discretion in deciding a motion for a new trial to prevent a miscarriage of justice." *Id.* (citation omitted). Ultimately, "[t]he grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing of abuse of discretion." *Id.* (citation omitted).

### III. ANALYSIS

As noted above, Plaintiff states that "the main topic of Plaintiff's arguement (sic) is that the jury did not adhere to the Honorable Court's Jury instructions."[1] [DN 163, pp. 1–2]. He then proceeds to recite the elements of his excessive force claim, as stated in Jury Instruction No. 6. *Id.* at 3. That instruction provides that

(1) That the defendants intentionally used force against Plaintiff;

(2) That the force used against Plaintiff by the defendants was excessive;

---

[1] In a two-sentence argument, Defendants argue that Plaintiff failed to object to the jury's verdict at trial and therefore "fail[ed] to preserve any error he now claims." [DN 162, p. 2]. The Court understands, however, that Plaintiff, a pro se litigant, likely did not realize any need to object. Further, even if this error were properly preserved, Plaintiff's arguments lack merit, as explained herein.

  (3) That the defendants acted under color of law; and

  (4) That the defendants' conduct caused Plaintiff's injuries.

[DN 157, p. 10 (Jury Instructions)]. He then argues:

> The Jury found that Defendant Bryan Rives (sic) in violation of the Eighth Amendment to the United States Constitution use of excessive force against plaintiff. Which means that plaintiff proved each of the following facts by a proponderance (sic) of the evidence. The fourth being that defendant conduct (sic) caused Plaintiff's injuries. Therefore the jury erred in not granting compensatory damages, and punitives also.

[DN 163, p. 3]; *see also* [DN 161, p. 4 ("Lt. Bryan Rives was found to have used excessive force against the Plaintiff by a jury. That means that Plaintiff had to prove by a preponderance of the evidence that defendant Bryan Rives met the four elements listed in Instruction No. 6.")].

  From this, the Court understands that Plaintiff seeks to alter or amend the Court's judgment based on a "clear error of law" or to "prevent manifest injustice." *Gibbons*, 2006 WL 2045899, at *1. More specifically, Plaintiff believes that the jury's answer to the first question on the verdict form—do you find by a preponderance of the evidence that the plaintiff had established that the defendant used excessive force against the plaintiff in violation of the Eighth Amendment to the United States Constitution?—captures all four elements of his excessive force claim. In other words, Plaintiff believes that an affirmative answer to this first question means that the jury found (1) the defendant intentionally used force against Plaintiff; (2) that force was excessive; (3) the defendant acted under the color of law; and (4) the defendant's conduct caused Plaintiff's injuries.

  Plaintiff's argument is based on a misreading of that initial question. The first question on the verdict form asks only whether the defendant used excessive force against the plaintiff. *See* [DN 159]. It therefore addresses the first and second elements listed above. If the jury answered "yes" to that question, they were then asked to consider whether the defendant's use of excessive

force caused injury to the plaintiff. This question (the second question on the verdict forms) addresses the fourth element listed above. That fourth element is essential to Plaintiff's excessive force claim, and it must be proven to the jury by a preponderance of the evidence for Plaintiff to receive a judgment in his favor. In this case, the jury found that Plaintiff did *not* suffer injuries that were a direct and proximate cause of the excessive force used by Defendant Rives. Stated another way, the jury found that Plaintiff had proven the first and second elements of his claim, but not the fourth element. As a result, Plaintiff failed to prove all of the elements of his excessive force claim, and Judgment was entered on behalf of Defendant Rives.

Though this resolves the "main topic" of Plaintiff's motion, the Court feels compelled to address other comments made in Plaintiff's briefs. First, in his initial brief, Plaintiff states that, once each of the four elements of an excessive force claim have been proven, he is "automatically" entitled to compensatory and punitive damages. [DN 161, p. 4]. This is an incorrect statement of law. A finding of liability does *not* require an award of damages. *See generally Gibbons*, 2006 WL 2045899, at *2. Regardless, Plaintiff did *not* prove all four elements of an excessive force claim, as explained above and as outlined in the completed Verdict Forms. Because the jury found that Plaintiff's injuries, if any, were not caused by Defendant Rives's use of excessive force, they were not required to consider whether he was entitled to damages. Stated another way, because Plaintiff failed to prove the essential element of causation, he was not entitled to damages.

Second, in his reply brief, Plaintiff states, "Plaintiff urges that In the Honorable Courts (sic) decision pertaining to Plaintiff's motion for summary judgment, The higher Court stated That plaintiff's injuries were a fact that could not be disputed." [DN 163, p. 4]. He further states that "[t]he only dispute was weather (sic) or not the Defendants had to use excessive force." *Id.*

6

The Court has reviewed that Memorandum Opinion and Order. [DN 131]. Nowhere in that opinion did the Court state the "plaintiff's injuries were a fact that could not be disputed," as Plaintiff claims. Nowhere in that opinion did the Court state that the only disputed issue of fact was whether Defendants' use of force was excessive.

Additionally, Plaintiff argues that Jury Instruction No. 6, which listed the elements of an excessive force claim, was "written in such a way as to put the Plaintiff at a disadvantage in proving his Use of Excessive force claim. Meeting the 4 prong elements proved all but impossible and extremely difficult." [DN 161, p. 4]. He does not explain further. Notably, he does not assert that the instructions were given in error or misstated the law. And to the extent Plaintiff argues that the instructions were simply unclear, the Court finds that his argument is undeveloped and lacks merit. However, the Court also notes that Plaintiff does not seem to argue that the instructions were so unclear that he was actually prevented from proving his case; rather, he argues that he *did* prove all four elements of his claim and is therefore entitled to damages. The Court has already addressed that argument above.

Lastly, the Court notes that much of Plaintiff's brief addresses the facts of the case and urges the Court to hold that the jury's verdict was against the weight of the evidence. *See, e.g.,* [DN 161, pp. 4–7]. Plaintiff further "urges that all four defendant's (sic) were dishonest in their testimony." *Id.* at 6. On this point, the Court notes that it "must accept the jury's verdict and can only overturn the verdict if the verdict was against the weight of the evidence and the jury verdict was unreasonable." *Walker*, 2017 WL 5653880, at *2 (citing *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543–44 (6th Cir. 2007)). The Court cannot "reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because [the Court] feel[s] that other results are more reasonable." *Id.* (citing

7

*Bruner v. Dunaway*, 684 F.2d 422, 435 (6th Cir. 1982)). Weighing the evidence and assessing the credibility of the witnesses is the role of the jury, and the "the jury's verdict should be accepted if it is one which could reasonably have been reached." *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967). In this case, the Court is familiar with the evidence and testimony presented at trial, and it has thoroughly reviewed and considered the arguments made in Plaintiff's briefs. The Court finds that the jury's verdict is one which "reasonably could have been reached," *id.*, and it will not now overturn that verdict merely because the jury *could have* drawn a different conclusion based on the evidence presented. *See Walker*, 2017 WL 5653880, at *2 (citation omitted).

In sum, the Court finds that there is no "clear error of law" that warrants altering or amending its Judgment, or granting a new trial, nor would doing so "prevent manifest injustice." *Gibbons*, 2006 WL 2045899, at *1. Further, Plaintiff has not shown (nor does he argue) that the Judgment should be vacated based on newly discovered evidence or intervening changes in the law. *Id.* Simply stated, Plaintiff has failed to demonstrate any valid basis for altering or amending the Court's Judgment or ordering a new trial, and his motion will therefore be denied.

## IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion to Alter or Amend Judgment, [**DN 161**], is **DENIED**. Further, to the extent Plaintiff seeks a new trial, that request is also **DENIED**.

*Thomas B. Russell* (signature)

Thomas B. Russell, Senior Judge
United States District Court

May 18, 2022

cc: Plaintiff, pro se
    Counsel of Record